UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN BELCHER,<br><br>    Plaintiff<br><br>v.<br><br>SCOTT E. PEARSON,<br><br>    Defendant | Case No.: 3:20-cv-00296-RCJ-WGC<br><br>**Report & Recommendation of<br>U.S. Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $9.40, and his average monthly deposits were $50.

Plaintiff's application to proceed IFP should be granted. Plaintiff is required to pay an initial partial filing fee in the amount of $10 (20 percent of $50). Thereafter, whenever his prison

account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff sues Judge Scott E. Pearson of the Reno Justice Court for violation of the Eighth Amendment's Excessive Bail Clause. Plaintiff alleges that Plaintiff was charged with a gross misdemeanor and Judge Pearson set his bail at $500,000, while his co-defendant's bail was set at $30,000. (ECF No. 1-1.)

The Eighth Amendment provides that "[e]xcessive bail shall not be required" for pretrial release. U.S. Const. amend. VIII. The Ninth Circuit has assumed, without deciding, that the

Excessive Bail Clause applies to the states. "[T]he Excessive Bail Clause prevents the imposition of bail conditions that are excessive in light of the valid interests the state seeks to protect by offering bail." *Galen v. Cnty. of L.A.,* 477 F.3d 652, 660 (9th Cir. 2007) (citing *United States v. Salerno*, 481 U.S. 739, 754 (1987)). The plaintiff must allege that the bail was enhanced for purposes unauthorized by the law, or that the bail conditions are excessive for the purpose of achieving "the valid state interests for which bail is intended to serve for a particular individual." *Id.* "The plain meaning of 'excessive bail' does not require that it be beyond one's means, only that it be greater than necessary to achieve the purposes for which bail is imposed." *Id*. at 661 (citing *Salerno*, 481 U.S. at 754; *Jennings v. Abrams*, 565 F.Supp. 137, 138 (S.D.N.Y. 1983)).

Galen argued that his bail was excessive because "it was 2000 percent higher than the default amount for [the] violation[], and greater than the default amount for other, more serious crimes[.]" *Id*. at 662. The Ninth Circuit found this argument unavailing, explaining: "Excessiveness cannot be determined by a general mathematical formula, but rather turns on the correlation between the state interests a judicial officer seeks to protect and the nature and magnitude of the bail conditions imposed in a particular case." *Id.* (citing *Salerno*, 481 U.S. at 754.) In fact, "courts cannot determine whether bail conditions are constitutionally excessive" "without examining the relevant state interests." *Id.*

In *Galen*, the plaintiff sued two law enforcement officers. The Ninth Circuit noted that "a judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision[.]" *Id.* at 663 (citations omitted). The Ninth Circuit pointed out that "in *Walden v. Carmack*, the Eighth Circuit held a sheriff could not be liable under § 1983 for violating the plaintiff's right to be free from excessive bail, even if he recommended a bail amount to the

5

judicial officer who set a plaintiff's bail, because 'setting the bail bond is entirely at the discretion of the presiding judge.' 156 F.3d 861, 874 (8th Cir. 1998)." The Ninth Circuit held that the law enforcement officers could only be liable for the alleged excessive bail "if they prevented the [judge] from exercising his independent judgment." *Id*. (citations omitted). As such, the plaintiff must demonstrate that the law enforcement officer "deliberately or recklessly misled the [judge], and that his bail would not have been unconstitutionally excessive but for the officers' misrepresentations." *Id* at 664 (citation omitted).

Stated another way: "[A] police officer may be liable for violation of the Excessive Bail Clause for deliberately or recklessly misleading the judicial officer setting bail, or otherwise preventing the judicial officer from exercising his independent judgment." *Morse v. Regents of Univ. of Cal., Berkeley*, 821 F.Supp.2d 1112, 1116 (N.D. Cal. 2011) (internal quotation marks and footnote omitted).

Here, Plaintiff only alleges that he was charged with a gross misdemeanor and Judge Pearson set the bail at $500,000, while his co-defendant's bail was set at $30,000. The court cannot determine excessiveness based only on the fact that his bail was set higher than his co-defendants. Plaintiff includes no allegations about the relevant state interests used to determine his bail or that the enhancement of his bail was unauthorized by the law, or that the bail conditions were excessive for the purpose of achieving the interests asserted by the state.

In addition, judges are entitled to absolute judicial immunity for acts performed in their official capacity, as Plaintiff has alleged here. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (judicial immunity is "a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by

malicious or corrupt motives, … or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'") (citations omitted); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) ("'The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.'").

Judge Scott E. Pearson should be dismissed with prejudice as he is absolutely immune from suit.

The Eighth Amendment excessive bail claim should be dismissed with leave to amend as Plaintiff may be able to correct the deficiencies with the complaint and name a proper defendant.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1); however, within **30 DAYS** Plaintiff should be required to pay, through NDOC, an initial partial filing fee in the amount of $10. Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should **SEND** a copy of any order adopting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) Directing the Clerk to **FILE** the complaint (ECF No. 1-1).

(3) **DISMISSING WITH PREJUIDCE** Scott E. Pearson.

(4) **DISMISSING** the complaint (ECF No. 1-1) with **LEAVE TO AMEND**.

7

(5) Giving Plaintiff **30 days** from the date of any order adopting this report and recommendation to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff should clearly title the amended pleading as "AMENDED COMPLAINT." Plaintiff should be warned that if he fails to file an amended complaint within the 30 days, the action may be dismissed.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 24, 2020

                                                    *William G. Cobb*
                                                    William G. Cobb
                                                    United States Magistrate Judge